Argued April 4, affirmed April 25, 1916.

## SANFORD v. HANAN.

(156 Pac. 1040.)

**Judgment—Matters Concluded—Decree in Equity—Statute.**

1. Under Section 756, L. O. L., providing that a judgment, decree or order of any court having jurisdiction is conclusive between the parties and their successors in interest, although as between the parties to a note fraud is a good defense to an action at law, equity

has concurrent jurisdiction, and, being a tribunal of competent authority and having jurisdiction of the subject matter and of the parties who voluntarily presented themselves, the decree on a bill charging fraud in procuring a note and asking for an accounting, having been dismissed is conclusive upon that question whenever presented between the same parties or their successors in interest.

**Trial—Direction of Verdict—Undisputed Evidence.**

2. Where defendant presented no evidence on the issue of the attorney's fees to be allowed for the collection of a note according to its stipulation, the court properly directed a verdict for the plaintiff.

From Douglas: JAMES W. HAMILTON, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

The plaintiff, S. A. Sanford, as the owner and holder thereof, brings this action in the usual form to recover upon a promissory note given by the defendant to the First National Bank of Roseburg. The defendant filed a cross-bill in equity, the general features of which were that the bank, through its president, had represented to him that its books showed he had overdrawn his account in the sum of $6,000, which state of affairs was criticised by the bank examiner, who required that a note should be given to cover the balance; that to induce the execution of it the president promised the maker that he should never be called upon to pay the same; and that in a short time the account of the defendant as a depositor would be settled, obviating payment of the obligation. On the basis that an accounting between the parties was required, and that the bank and its president had defrauded him in the manipulation of his account, the defendant, plaintiff in equity, making the bank a party to his bill, prayed for a statement of the account between them. The plaintiff here, as defendant in equity, answered the bill on the merits, traversing its allegations, and stated the account from the standpoint of the bank under which he claimed. Upon that ques-

tion issue was joined by the denials of the reply and the new matter therein. The case was heard on the equity side of the court on the pleadings thus framed, resulting in a dismissal of the bill. Returning to the law court, the defendant presented an amended answer urging as a defense almost the identical terms of the new matter in his cross-bill. Replying, the plaintiff set up the decree in equity, including its affirmance by this court, as *res adjudicata* preventing the defendant from again litigating the same question at law. After offering some evidence about the attorney's fee to be allowed for collection of the amount, the plaintiff introduced the judgment-roll of the equity suit and rested. The defendant attempted in his case on the evidence to go into the question of how he came to sign the note. The court sustained an objection to this line of testimony and he excepted.

Thereupon, on motion of the plaintiff, the court directed a verdict in his favor for the amount of the note and $500 attorney's fees. The defendant appealed.                                           AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Benjamin L. Eddy.*

For respondent there was a brief and an oral argument by *Mr. Oliver P. Coshow.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The question presented for our consideration on the argument is the effect to be given to the decree in equity upon the issues formed on the cross-bill. The essence of the defendant's contention was that the bank had fraudulently tampered with his account as a depositor there, so that it represented a large over-

draft, and that by the misrepresentation based upon that state of the books he was induced to give the note in question whereby it appeared as a charge against him, for which reasons he demanded an accounting in equity, to the end that the true state of his liability or nonliability to the plaintiff as the successor in interest of the bank might be ascertained. He invited a trial of this issue in chancery. The plaintiff met him in the same forum on the same basis and joined issue.

It is without dispute that as between the parties to the transaction fraud is a good defense to an action at law of the kind involved. But it is equally true that equity has concurrent jurisdiction with the law courts on such subjects. The situation then is that the equity court, being a tribunal of competent authority having jurisdiction of the subject matter and of the parties who voluntarily presented themselves before it for the determination of that issue, has rendered a decree. Called upon to state an account between the parties which involved as one of the items the very note in question, the court must necessarily have considered its validity as a claim against the man who signed it. If, in fact, the maker was induced by fraud to execute it, the chancellor would have rejected it as a liability and surcharged the account of the plaintiff here to that amount. But with the parties before him, with an opportunity to present their testimony on the issue involved, he has dismissed the bill. In Section 756, L. O. L., the Code has spoken upon the signification of such a judicial transaction:

"The effect of a judgment, decree, or final order in an action, suit, or proceeding before a court or judge thereof of this state or of the United States, having jurisdiction to pronounce the same, is as follows:

"1. In case of a judgment, decree, or order against a specific thing, or in respect to the probate of a will

or the administration of the estate of a deceased person, or in respect to the personal, political, or legal condition or relation of a particular person, the judgment, decree, or order, is conclusive upon the title to the thing, the will or administration, or the condition or relation of the person;

"2. In other cases, the judgment, decree, or order is, in respect to the matter directly determined, conclusive between the parties and their representatives and successors in interest by title subsequent to the commencement of the action, suit, or proceeding, litigating for the same thing, under the same title, and in the same capacity."

The determination of the suit in equity is conclusive upon the question wherever presented between the same parties or their successors in interest. There are, indeed, cases where the defendants at law have filed cross-bills which were dismissed for want of equity. This left the case at law to proceed for the determination of exclusive legal defenses there remaining. This case, however, is not of that sort. The issue presented to the equity court was the ultimate question to be solved, and, having been decided adversely to the plaintiff in the bill, he was left without any defense whatever at law based upon the matters heard in chancery.

2. There was no issue at law remaining to be determined except that about the attorney's fee to be allowed for the collection of the note according to its stipulation. As the defendant presented no evidence on that point, it was proper to direct a verdict in accordance with the undisputed testimony.

The judgment must be affirmed.    AFFIRMED.

MR. JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE BENSON concur.